**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| Clark Capital Management Group, Inc., | : | |
| | : | |
| Plaintiff, | : | |
| | : | Civil Action No.: |
| v. | : | |
| | : | |
| Navigator Planning Group, LLC, | : | |
| Navigator Brokerage Group, LLC | : | |
| Defendants. | : | **JURY TRIAL DEMANDED** |

**COMPLAINT**

Plaintiff Clark Capital Management Group, Inc. ("Plaintiff" or "Clark Capital"), by and through its undersigned attorneys bring this complaint against defendants, Navigator Planning Group, LLC and Navigator Brokerage Group, LLC (collectively, referred to herein as "Defendants"), for trademark infringement and unfair competition in violation of federal law, and for breach of contract, and alleges as follows:

**PARTIES**

1.     Plaintiff, Clark Capital Management Group, Inc., is a Pennsylvania corporation with a place of business at One Liberty Place, 1650 Market Street, 53rd Floor, Philadelphia, PA  19103.  Clark Capital is the owner of the intellectual property at issue in this case.

2.     Defendant, Navigator Planning Group, LLC, is a Wisconsin limited liability company with a place of business at 3091 Voyager Drive, Green Bay, Wisconsin 54311.

3.     Defendant, Navigator Brokerage Group, LLC, is a Wisconsin limited liability company with a place of business at 3091 Voyager Drive, Green Bay, Wisconsin 54311.

## JURISDICTION AND VENUE

4.      This action arises under the Acts of Congress under the Lanham Act, Title
15 U.S.C. § 1051, *et seq.*, and common law.  As such, this Court has subject matter jurisdiction
under the provisions of Title 28 U.S.C. §§ 1331 and 1338 because this action involves federal
questions of law.

5.      This Court is vested with personal jurisdiction over Defendants pursuant
to the Settlement Agreement entered into by Plaintiff and Defendants effective June 17, 2015
(the "Agreement") which states at ¶ 10 that the "parties agree that any dispute relating to this
Agreement shall be brought in the United States District Court for the Eastern district of
Pennsylvania, which court shall have exclusive jurisdiction under any such action.  [Defendants]
hereby consent to the personal jurisdiction of, and waive any objection to venue in, the United
States District Court for the Eastern District of Pennsylvania."  A true and correct copy of the
Agreement is attached hereto and marked as "Exhibit 1."

6.      This Court has original jurisdiction over the claims brought under federal
law pursuant to 28 U.S.C. §§ 1331 and 1338(a) and (b) and 15 U.S.C. § 1121.

7.      This Court has supplemental jurisdiction over the claims brought under the
common law pursuant to 28 U.S.C. § 1338(a) and (b) and § 1367(a).

8.      Venue is proper in this judicial district because the contract at issue here
mandates venue in the United States District Court for the Eastern District of Pennsylvania.

## BACKGROUND AS TO PLAINTIFF'S BUSINESS AND INTELLECTUAL PROPERTY

9.      Plaintiff is a registered investment advisor that offers its wealth
management services designed to provide proven strategies to individual high net worth
investors, trusts, endowments, employee benefit plans, corporations, and municipalities.  Plaintiff
offers asset allocation services designed to provide strategies using proven quantitative
investment models to apportion and diversify investor portfolios of different financial

instruments to achieve an optimum mix or ratio of financial assets such as stocks, bonds, mutual funds, cash holdings, and annuities.

10.     Plaintiff has adopted and used valuable NAVIGATOR® service marks for its investment advisory services encompassing asset allocation and wealth management services. Among the services it provides, Plaintiff offers its NAVIGATOR® investment advisory programs.  In addition, Plaintiff uses its NAVIGATOR mark and theme in connection with its NAVIGATOR® REPORTS and NAVIGATOR® INSIGHTS investment advisory newsletter that it publishes and makes publicly available on the internet at its website at blog.ccmg.com.

11.     Plaintiff has sought to register and has registered many of its NAVIGATOR service marks.

12.     On October 29, 1991, Plaintiff registered on the Principal Register of the U.S. Patent and Trademark Office Registration No. 1,662,756 for NAVIGATOR® for investment advisory services in the field of stocks and mutual funds.  Plaintiff first used this mark as early as March 1987.  Sections 8 and 15 Declarations have been filed and approved, thus, this mark has become incontestable.  The registration has been renewed.

13.     On October 22, 2002, Plaintiff registered on the Principal Register of the U.S. Patent and Trademark Office Registration No. 2,639,961 for NAVIGATOR FUND® for investment advisory services in the field of stocks and mutual funds.  Plaintiff first used this mark as early as April 2002.  Sections 8 and 15 Declarations have been filed and approved, thus, this mark has become incontestable.  The registration has been renewed.

14.     On October 20, 2009, Plaintiff registered on the Principal Register of the U.S. Patent and Trademark Office Registration No. 3,698,185 for NAVIGATOR® for printed publication, namely, a newsletter in the field of investment advisory services in the field of stocks, bonds, annuities and mutual funds, investment consultation, asset allocation services and stock brokerage services; investment advisory services in the field of stocks, bonds, annuities

3

and mutual funds; investment consultation; asset allocation services; stock brokerage services. Plaintiff first used this mark as early as March 10, 1987.  Sections 8 and 15 Declarations have been filed and approved, thus, this mark has become incontestable.  The registration has been renewed.

15.     On December 24, 2013, Plaintiff registered on the Principal Register of the U.S. Patent and Trademark Office Registration No. 4,453,183 for NAVIGATOR FUNDS® for mutual fund brokerage, distribution, investment; mutual fund services, namely, mutual fund brokerage, mutual fund distribution and the administration and management of mutual funds, financial portfolio solutions, and investments; investment advisory services in the field of stocks, bonds, annuities and mutual funds; investment consultation; asset allocation services; stock brokerage services; fund investment consultation; funds investment.  Plaintiff first used this mark as early as April 1, 2002.

16.     Plaintiff's U.S. Registration Nos.: 1,662,756 for NAVIGATOR®; 2,639,961 for NAVIGATOR FUND®; and No. 3,698,185 for NAVIGATOR® have acquired incontestable status.  Thus, the registrations for these marks shall be conclusive evidence of the validity of the registered mark, of Plaintiff's ownership of the mark, and of Plaintiff's exclusive right to use the registered marks in commerce in connection with the investment advisory services and/or printed publications specified in the affidavit filed under the provisions of §1065 or the renewal application filed under the provisions of § 1059.  15 U.S.C. §1115.

17.     The above referenced registrations containing the "Navigator" term (hereinafter "NAVIGATOR Service Marks") are in full force and effect.

18.     Plaintiff's NAVIGATOR Service Marks are strong.  They are inherently distinctive and represent the exceedingly valuable goodwill of Plaintiff.

19.     Plaintiff's NAVIGATOR Service Marks have become well known throughout the financial planning, wealth management, asset allocation and investment advisory

4

field. Through its use of the NAVIGATOR Service Marks, Plaintiff has developed an excellent reputation for its services and has been recognized as a leader among boutique companies in the financial industry for these services.

20.     The market success of Plaintiff's financial and investment related services offered under the NAVIGATOR Service Marks has been extraordinary, and the relevant public has come to rely upon and recognize the Plaintiff's services by its NAVIGATOR Service Marks, and the marks have substantial goodwill associated with them.

21.     Plaintiff has vigorously defended its NAVIGATOR Service Marks against infringers and potential infringers. Plaintiff has filed many Opposition proceedings in the United States Patent and Trademark Office to prevent the registration of conflicting marks. Plaintiff has also filed suit in federal district court on many occasions in order to protect its NAVIGATOR Service Marks.

22.     Plaintiff filed suit against Defendants in the United States District Court for the Eastern District of Wisconsin, Green Bay Division in Civil Action No. 14-C-1437 ("Wisconsin Litigation") alleging trademark infringement and unfair competition under the Lanham Act arising out Defendants' unauthorized and infringing use of NAVIGATOR, MY NAVIGATOR, NAVIGATOR PLANNING GROUP, and/or NAVIGATOR BROKERAGE GROUP, and the domain name navigatorpg.com, in connection with investment advisory services ("NAVIGATOR Designations").

23.     The Wisconsin Litigation was settled pursuant to the Agreement. The Agreement required Defendants, by no later than January 1, 2016, to permanently discontinue all use of the NAVIGATOR Designations (with the exception of limited use of the navigatorpg.com domain name to re-direct to a new domain and the ability to state that Defendants were formerly known as "Navigator Planning Group" or "Navigator Brokerage Group"). See Exhibit 1 at ¶ 2.

24.     On December 29, 2015, Defendants requested an extension of time to use NAVIGATOR through April 15, 2016, at the latest.

25.     On December 30, 2015, Plaintiff advised Defendants' counsel via e-mail that it is willing to consider providing a license that would permit the continued use of NAVIGATOR through April 1, 2016 for a one-time payment.

26.     On December 30, 2015, Defendants' counsel rejected Plaintiff's offer via e-mail, stating that "my client is not willing to pay a licensing fee for a marginal extension."

27.     On December 31, 2015, Plaintiff advised Defendants' counsel via e-mail that it received the rejection of Clark Capital's offer to consider providing a license to continue using NAVIGATOR for a fee.  Plaintiff's counsel further advised that "Clark Capital expects, as it has since it entered into the Settlement Agreement with your clients, that your clients will strictly abide by the terms of the agreed upon Settlement Agreement, including the terms of the phase out described therein, and Clark Capital will vigorously pursue any violations thereof."

28.     Defendants failed to adhere to their agreement and continue to use the NAVIGATOR Designations in breach of the Agreement.  A printout of the website available at Defendants' navigatorpg.com domain name on February 4, 2016 is attached hereto and marked as "Exhibit 2."

29.     On January 4, 2016, Plaintiff, pursuant to paragraph 2 of the Agreement, advised Defendants of their breach of the Agreement and, also pursuant to paragraph 2 of the Agreement, provided Defendants 30 days, or until February 3, 2016, to cure their breach of the Agreement (the "Notice of Breach").  A true and correct copy of the Notice of Breach correspondence is attached hereto and marked as "Exhibit 3."

30.     The February 3, 2016 date has passed Defendants remain in breach of the Agreement.  See Exhibit 2.

## BACKGROUND AS TO DEFENDANTS' UNLAWFUL CONDUCT

31.    Defendants are using Defendants' NAVIGATOR Designations in connection with investment advisory services without authorization from Plaintiff.

32.    Defendants' use of Defendants' NAVIGATOR Designations have continued unabated in blatant breach of Defendants' obligations under the Agreement, and such Breach was not cured in the time period permitted pursuant to the Agreement and is ongoing.

## COUNT ONE - FEDERAL TRADEMARK INFRINGEMENT

33.    Plaintiff repeats and re-alleges, and incorporate by reference, the foregoing paragraphs as though they were fully set forth at length herein.

34.    Plaintiff's NAVIGATOR Service Marks are all federally registered and, as such, are evidence of exclusive right of Plaintiff to use the NAVIGATOR Service Marks in connection with investment advisory services. 15 U.S.C. § 1115.

35.    Plaintiff's U.S. Registration Nos.: 1,662,756 for NAVIGATOR®; 2,639,961 for NAVIGATOR FUND®; and No. 3,698,185 for NAVIGATOR® have acquired incontestable status.  Thus, the registrations for these marks shall be conclusive evidence of the validity of the registered mark, of Plaintiff's ownership of the mark, and of Plaintiff's exclusive right to use the registered marks in commerce in connection with the investment advisory services and/or printed publications specified in the affidavit filed under the provisions of §1065 or the renewal application filed under the provisions of § 1059. 15 U.S.C. §1115.

36.    Defendants' use of Defendants' NAVIGATOR Designations is identical and/or similar in sound, meaning and appearance with Plaintiff's pre-existing NAVIGATOR Service Marks.  The marks create the same commercial impression and are confusingly similar.

37.    Plaintiff's and Defendants' respective investment advisory services would be sold in the same channels of trade and would be directed to the same or similar users and potential users of the respective services.  The services offered by Plaintiff and Defendants are closely related.

38.     Defendants' use of Defendants' NAVIGATOR Designations in connection with investment advisory services is likely to cause confusion or mistake or to deceive, as to the source, affiliation or sponsorship with Plaintiff's NAVIGATOR investment advisory services in violation of the Lanham Act, 15 U.S.C. § 1051 et seq, specifically §§ 1114-1118.

39.     Defendants have infringed Plaintiff's NAVIGATOR Service Marks in interstate commerce and in this district by various acts, including marketing, offering for sale and selling financial services, including investment advisory services, under Defendants' NAVIGATOR Designations.  This unauthorized use by Defendants constitutes infringement of Plaintiff's registered marks, described above, in violation of the Lanham Act, 15 U.S.C. § 1051 et seq., to the substantial and irreparable injury of the public and of Plaintiff's marks, business reputation, and goodwill.

40.     The activities of Defendants complained of herein constitute willful and intentional infringement of Plaintiff's federally registered NAVIGATOR Service Marks, in derogation of Plaintiff's rights.  Acts of infringement commenced and have continued in spite of Defendants' knowledge that the use of Defendant's NAVIGATOR Designations was and is in contravention of Plaintiff's rights.

41.     Plaintiff has not given consent directly or indirectly to Defendants to use the NAVIGATOR Service Marks, or any mark similar thereto.

42.     Defendants' conduct has caused and, if not enjoined, will continue to cause irreparable damage to the rights of Plaintiff in their marks and in their business, reputation, and goodwill.  Plaintiff's damages from the aforesaid unlawful actions of Defendants, to the extent ascertainable, have not yet been determined.

43.     Defendants' have refused to discontinue all use of NAVIGATOR, and any other mark confusingly similar to any of the NAVIGATOR Service Marks, including Defendants' NAVIGATOR Designations.

44.     By the forgoing actions, Defendants have clearly engaged in willful trademark infringement in violation of 15 U.S.C. § 1117.

45.     Plaintiff seeks attorney's fees and costs given the willful conduct of Defendant.

46.     Plaintiff seeks treble damages given the willful conduct of Defendant.

## COUNT TWO - FEDERAL UNFAIR COMPETITION PER SECTION 43(a) OF THE LANHAM ACT SECTION 15 U.S.C. § 1125(a)

47.     Plaintiff repeats and re-alleges, and incorporates by reference, the foregoing paragraphs as though they were fully set forth at length herein.

48.     Clark Capital's NAVIGATOR Service Marks are distinctive and have acquired secondary meaning and significance in the minds of the relevant public.

49.     After Plaintiff's adoption and use of their NAVIGATOR Service Marks in connection with financial services, and with actual and constructive notice thereof, Defendants adopted and used Defendants' NAVIGATOR Designations in connection with its financial services.

50.     Defendants' activities are likely to cause confusion, or to cause mistake, or to deceive, causing great harm to Plaintiff's reputation and goodwill.

51.     Defendants have unfairly competed with Plaintiff's NAVIGATOR Service Marks in interstate commerce and in this district by various acts, including marketing, offering for sale and selling financial services under the designation Navigator Investments in connection with financial services.  This unauthorized use by Defendants constitutes unfair competition to the substantial and irreparable injury of the public and of Plaintiff's marks, business reputation, and goodwill in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

9

52.     The activities of Defendants complained of herein constitute willful and intentional tort, in derogation of Plaintiff's rights.  Acts of unfair competition commenced and have continued in spite of Defendants' knowledge that the use of Plaintiff's NAVIGATOR Service Marks was and is in contravention of Plaintiff's rights.

53.     Plaintiff has not given consent directly or indirectly to Defendants to use the NAVIGATOR Service Marks, or any mark similar thereto.

54.     Defendants' conduct has caused and, if not enjoined, will continue to cause irreparable damage to the rights of Plaintiff in its marks and in its business, reputation, and goodwill.  Plaintiff's damages from the aforesaid unlawful actions of Defendants, to the extent ascertainable, have not yet been determined.

55.     Plaintiff seeks attorney's fees and costs given the willful conduct of Defendant.

56.     Plaintiff seeks punitive damages given the willful conduct of Defendants.

## COUNT THREE - BREACH OF CONTRACT

57.     Plaintiff repeats and re-alleges, and incorporates by reference, the foregoing paragraphs as though they were fully set forth at length herein.

58.     Defendants continue to use the NAVIGATOR Designations in breach of the Agreement.

59.     On January 4, 2016, Plaintiff, pursuant to paragraph 2 of the Agreement, advised Defendants of their breach of the Agreement and, also pursuant to paragraph 2 of the Agreement, provided Defendants 30 days, or until February 3, 2016, to cure their breach of the Agreement.

60.     The February 3, 2016 date has passed Defendants remain in breach of the Agreement.

61.     Plaintiff has been, and continues to be, damaged by the foregoing breach.

10

62.     The amount of damages incurred by Plaintiff as a result of Defendants' Breach has not yet been ascertained.

## PRAYERS FOR RELIEF

**WHEREFORE**, Plaintiff prays for relief against Defendants as follows:

(1)     That the Court preliminary and permanently enjoin and restrain Defendants, their officers, directors, agents, employees and all persons in active concert or participation with Defendants who receives actual notice of the injunction, by personal service or otherwise, from doing, abiding, causing or abetting any of the following:

(a)     infringing or contributing to the infringement;

(b)     engaging in any acts or activities directly or indirectly calculated to infringe Plaintiff's NAVIGATOR Service Marks;

(c)     using in selling, offering for sale, promoting, advertising, marketing or distributing of Defendants' services and products, advertisements or marketing materials that use the terms NAVIGATOR, MY NAVIGATOR, NAVIGATOR PLANNING GROUP, NAVIGATOR BROKERAGE GROUP, and/or any mark including the term NAVIGATOR, or any mark similar thereto;

(d)     using any configuration or design that is confusingly similar to Plaintiff's NAVIGATOR Service Marks, including the domain name navigatorpg.com; and

(e)     otherwise competing unfairly with Plaintiff in any manner whatsoever.

(2)     That the Court find that Defendants are infringing Plaintiff's NAVIGATOR Service Marks and are competing unfairly with Plaintiff, and are in breach of the Agreement.

(3)     That the Court Order Defendants to deliver up to Plaintiff for destruction, at Defendants' expense, catalogs, web site materials, literature, brochures, quotes, packaging,

11

signs, promotional materials, advertisements and other communications to the public in the possession or under the control of Defendants, and any other material or any representations that are or may contain designations similar to Plaintiff's NAVIGATOR Service Marks.

(4) That the Court Order Defendants to account for and pay to Plaintiff the damages to which Plaintiff is entitled as a consequence of the infringement of Plaintiff's NAVIGATOR Service Marks.

(5) That the Court Order that the domain name navigatorpg.com be transferred to Plaintiff.

(6) That the Court Order Defendants to account for and to pay over to Plaintiff all damages suffered by Plaintiff as a result of Defendants' unfair competition.

(7) That the Court enter an order placing reasonable but effective restrictions on the future transactions and activities of Defendants so as to prevent fraud on the Court and so as to ensure the capacity of Defendants to pay, and the prompt payment of, any judgment entered against Defendants in this action.

(8) That the Court award Plaintiff its compensatory, incidental, and consequential damages.

(9) That the Court award Plaintiff enhanced, treble, and/or punitive damages.

(10) That the Court award Plaintiff its reasonable attorney's fees and the costs of this action.

(11) That the Court grant Plaintiff such other further relief as is just and proper.

12

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all triable issues of fact.

CLARK CAPITAL MANAGEMENT GROUP,
INC.

By Its Attorneys,

_____

Camille M. Miller (PA BAR #79670)
Melanie A. Miller (PA BAR #73499)
David M. Albert (PA BAR #210061)
COZEN O'CONNOR
One Liberty Place, 1650 Market Street
Philadelphia, Pennsylvania 19103
Telephone: (215) 665-2000
Facsimile: (215) 701-2273
cmiller@cozen.com
mmiller@cozen.com
dalbert@cozen.com

DATED: February 4, 2016

# Exhibit 1

## SETTLEMENT AGREEMENT

**This Settlement Agreement** (hereinafter "Agreement") is entered into by and between, Clark Capital Management Group, Inc. ("Clark Capital"), a corporation organized and existing under the laws of Pennsylvania with a business address at One Liberty Place, 1650 Market Street, 53rd Floor, Philadelphia, Pennsylvania 19103, on the one hand, and Navigator Planning Group, LLC ("NPG") and Navigator Brokerage Group, LLC ("NBG"), each a limited liability corporation organized and existing under the laws of Wisconsin with a business address at 3091 Voyager Drive, Green Bay, Wisconsin 54311, on the other hand.  NPG and NBG are collectively referred to herein as "NPBG".  Together, Clark Capital, NPG and NBG are referred to as the "parties."  The "Effective Date" is the last date by which all parties have executed the Agreement.

**WHEREAS,** on or about November 14, 2014, Clark Capital initiated an action in the United States District Court for the Eastern District of Wisconsin, Green Bay Division by filing a Complaint captioned *Clark Capital Management Group, Inc. v. Navigator Planning Group, LLC, et al.*, Civil Action No. 14-cv-1437 (the "Federal Action");

**WHEREAS,** Clark Capital is the owner of NAVIGATOR® marks, which are referenced in the Federal Action, for its financial planning and investment advisory services, on-line financial planning services, asset allocation, wealth management, and investment consulting services.  Clark Capital's NAVIGATOR® marks shall hereafter be referred to as the NAVIGATOR® Marks;

**WHEREAS,** NPBG is using the terms NAVIGATOR, MY NAVIGATOR, NAVIGATOR PLANNING GROUP, and/or NAVIGATOR BROKERAGE GROUP and the domain name navigatorpg.com in connection with investment advisory services without authorization from Clark Capital ("NPBG's NAVIGATOR Designations"); and

**WHEREAS,**  Clark Capital and NPBG desire to amicably resolve and settle the Federal Action, and any and all other claims, counterclaims and/or causes of action between them, whether pleaded or unpleaded, under the terms and conditions set forth herein.

**NOW, THEREFORE,** for and in consideration of the foregoing and of the mutual representations, promises, terms, and conditions contained herein, the sufficiency and receipt of which are hereby acknowledged, and intending to be bound, the parties hereto agree as follows:

1.      NPG and NBG each recognize and acknowledge Clark Capital's ownership of, and rights in, the NAVIGATOR® Marks as used in connection with Clark Capital's financial planning and investment advisory services, on-line financial planning services, asset allocation, wealth management, and investment consulting services.

2.      By no later than January 1, 2016, NPG and NBG, on behalf of themselves and all persons and entities under their respective direction and control, agree to permanently discontinue all use of the terms NAVIGATOR, MY NAVIGATOR, NAVIGATOR PLANNING GROUP, and/or NAVIGATOR BROKERAGE, and any confusingly similar derivations of the NAVIGATOR® Marks, including without limitation any name, mark, domain name, or

1

designation incorporating said terms.  Notwithstanding the language of the prior sentence, NPBG may:

        (a)    until no later than June 30, 2016, in connection with its use of the new names that it chooses for NPG and NBG, state that each respective entity was formerly known as "Navigator Planning Group" or "Navigator Brokerage Group"; and

        (b)    until no later than December 31, 2016, continue to use the navigatorpg.com domain name solely to re-direct to its new domain name, after which time NPBG will permanently discontinue all use of the navigatorpg.com domain name.

For purposes of this Agreement, use also includes but is not limited to use as a trade name, as a company name, in a logo or slogan, as an e-mail address, in a domain name or URL, on websites or embedded in code for websites, in metatags, in correspondence, on letterhead, business cards, and promotional and marketing materials, on SEC and other public filings, and on signage.

    3.    Within ten (10) days of the execution of this Agreement by NPG and NBG, Clark Capital shall file appropriate documentation with the Eastern District of Wisconsin, Green Bay Division, reflecting that the Federal Action has been settled without fees and costs.

    4.    In the event of a breach of this Agreement, the non-breaching party shall give written notice of the alleged breach and thirty (30) days right of cure.  If the alleged breach is not cured within said period, then the non-breaching party shall have the right to apply to a court of competent jurisdiction to seek all relief to which it may be entitled.  No party shall be entitled to more than two such cure periods.

    5.    The parties, on behalf of themselves, their parents, subsidiaries, and affiliated corporations, and all of their officers, directors, employees, investors, shareholders, administrators, predecessor and successor corporations, and assigns, hereby fully and forever release each other, and all of their officers, directors, employees, investors, shareholders, administrators, predecessor and successor corporations, and assigns, from, and agree not to sue each other concerning any claim, duty, obligation or cause of action, that either of them may possess arising from any omission, acts, or facts that have occurred up until and including the Effective Date of this Agreement, relating to claims arising from the Federal Action.  The parties agree that the release set forth herein shall be and remain in effect in all respects as a complete and mutual general release as to the matters released.  This release does not extend to any obligations incurred under this Agreement.

    6.    All notices to or upon the respective parties hereto must be in writing and delivered in person, by mail (certified or registered mail, postage prepaid), or by Federal Express or a similar recognized courier service (all charges prepaid), to the following addresses ("Notice").  Such Notice will be effective upon receipt.

        For Clark Capital

        Camille M. Miller
        Cozen O'Connor
        One Liberty Place
        1650 Market Street

Philadelphia, PA 19103

For NPBG

Randall L. Gast, Esq.

Hanaway Ross, S.C.

345 S. Jefferson St.

Green Bay, WI 54301

7.      This Agreement is binding on the parties, their successors, assigns, and related companies.

8.      This Agreement may be executed by the parties hereto in multiple counterparts, each of which shall be deemed an original and all of which together shall be one and the same document.  This Agreement shall enter into force on the Effective Date and shall extend for an indefinite time, unless terminated in accordance herewith.

9.      If any one or more clauses of this Agreement is later held invalid or unenforceable, the validity of the remaining clauses shall not be affected, and the parties shall replace by mutual agreement any such clause held invalid or unenforceable.

10.      This Agreement is to be governed by the laws of the Commonwealth of Pennsylvania, without regard to otherwise applicable conflicts of laws principles, and the parties agree that any dispute relating to this Agreement shall be brought in the United States District Court for the Eastern District of Pennsylvania, which court shall have exclusive jurisdiction over any such action.  NPG and NBG hereby consent to the personal jurisdiction of, and waive any objection to venue in, the United States District Court for the Eastern District of Pennsylvania

11.      This Agreement encompasses the entire agreement and understanding between the parties hereto and supersedes any and all prior understandings or agreements, whether written or oral.  Any modification to this Agreement must be in a singular writing signed by duly authorized representatives of each party hereto to be binding upon either party.

**IN WITNESS WHEREOF,** the parties have executed this Agreement by their duly authorized representatives on the dates set forth below.

CLARK CAPITAL MANAGEMENT GROUP, INC.

By: _____
     Harry J. Clark

Dated: _7/14/2015_____

NAVIGATOR PLANNING GROUP, LLC

By: _____

Dated: _11.1.2015_____

3

NAVIGATOR BROKERAGE GROUP, LLC

By: _____

Dated: _____7.1.2015_____

# Exhibit 2



**P L A N N I N G   G R O U P**

— Invested in You —

HOME

WHO WE ARE

WHAT WE DO

MY NAVIGATOR

OFFICE LOCATIONS

RESOURCES

CONTACT US

MY NAVIGATOR      MY ACCOUNTS



In a Sea of Risk
# WE'LL HELP KEEP YOU AFLOAT

Make sure that you're covering the most important aspects of your life while spending money only on the insurance that you really need.

## WELCOME TO NAVIGATOR PLANNING GROUP



**NEWSLETTER SIGN UP**

Our mission is to help enhance your financial future through the strength of personal relationships, teamwork, community, family and legacy.

▶ Comprehensive Financial Planning

▶ Investment Management

▶ Retirement & Estate Planning

▶ Business Planning Services

▶ Insurance Planning & Risk Management

**My Navigator**



Your personal financial web site.
Grow, protect, clarify and prioritize.
Smart decisions start here.

3091 VOYAGER DRIVE

GREEN BAY, WI 54311

800-236-7527

Securities and Advisory Services offered through SII Investments, Inc., member FINRA, SIPC, a Registered Investment Advisor. Navigator Planning Group and SII are separate companies. SII does not provide tax or legal advice.

SII Privacy Policy

This site is for informational purposes only and is not intended to be a solicitation or offering of any security and:

Representatives of a Registered Broker-Dealer ("BD") or Registered Investment Advisor ("IA") may only conduct business in a state if the representatives and the BD or IA they represent (a) satisfy the qualification requirements of, and are approved to do business by, that state; or (b) are excluded or exempted from that state's registration requirements.

Representatives of a BD or IA are deemed to conduct business in a state to the extent that they would provide individualized responses to investor inquiries that involve (a) effecting, or attempting to effect, transactions in securities; or (b) rendering personalized investment advice for compensation.

We are registered to offer securities in following states: AL, AR, AZ, CA, CO, FL, GA, IA, ID, IL, IN, KS, KY, LA, MD, ME, MI, MN, MO, NC, ND, NH, NJ, NV, NY, OH, OK, OR, SC, TN, TX, VA, WA, WI, WY.

Exhibit 3



COZEN
O'CONNOR

January 4, 2015

**David M. Albert**
**Direct Phone   215.665.7277**
**Direct Fax      215.701.2122**
dalbert@cozen.com

**VIA OVERNIGHT MAIL AND E-MAIL**

Mr. Randall L. Gast, Esq.
Hanaway Ross, S.C.
345 S. Jefferson St.
Green Bay, WI 54301
E-mail: randy@hanaway.com

Re:    **Notice of Breach of Settlement Agreement**
       **Our Ref. No.: CCMG-0069US/126767**

Dear Mr. Gast:

This letter hereby provides written notice of breach pursuant to Paragraph 4 of the attached Settlement Agreement ("Agreement") entered into by and between Clark Capital Management Group, Inc. ("Clark Capital"), on the one hand, and Navigator Planning Group, LLC and Navigator Brokerage Group, LLC (collectively the "Navigator Entities"), on the other hand.

The Navigator Entities have breached Paragraph 2 of the Agreement by continuing to use NAVIGATOR, including, but not limited to, the use of NAVIGATOR on the website found at the navigatorpg.com domain name, after January 1, 2016.  Per Paragraph 4 of the Agreement, the Navigator Entities have 30 days to cure this breach.   Should the Navigator Entities fail to fully comply with the Agreement on or before Friday, February 3, 2016, Clark Capital will pursue all legal and equitable remedies.

We look forward to your response.

Sincerely,

COZEN O'CONNOR

By:    David M. Albert

DMA

cc:    Clark Capital Management Group, Inc.